# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WESTON SCHMECHEL,

               Plaintiff,

v.

VITAL CORE HEALTH CARE
STRATEGIES, BRENDA DEMBINSKI,
CHERIE FOLLETT, JOHN/JANE DOE
1, JOHN/JANE DOE 2, and
JOHN/JANE DOE 3,

               Defendants.

Case No. 26-CV-248-JPS

**ORDER**

Plaintiff Weston Schmechel, an inmate currently confined in Fox Lake Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. Plaintiff paid the filing fee in full on March 3, 2026. This Order screens Plaintiff's complaint.

## 1.    SCREENING THE COMPLAINT

### 1.1    Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of

Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff brings this action against Defendants Vital Core Health Care Strategies ("Vital Core"), Brenda Dembinski ("Dembinski"), Cherie Follett ("Follett"), and various Doe defendants. ECF No. 1 at 1. Plaintiff was booked into Brown County Jail on February 9, 2023. *Id.* at 3. Vital Core and jail staff were made aware at that time that Plaintiff is an insulin dependent Type 1 diabetic. *Id.* Plaintiff informed them that he takes two types of insulin, Humalog and Lantus, to manage his condition. *Id.* Plaintiff was placed in a cell on lockdown for twenty-three hours each day. *Id.* Plaintiff

tested his glucose, and it showed a high reading. *Id.* Plaintiff requested insulin, but he was not provided any. *Id.* at 4. The officer told Plaintiff that he would call medical. *Id.*

The following morning, Plaintiff had another high blood glucose test result and again requested insulin. *Id.* The officer said he would call the health services unit ("HSU"). *Id.* Plaintiff tested later that morning with another high reading. *Id.* Plaintiff requested insulin again, but N. Johnson (non-defendant) did not provide any. *Id.* At 1:28 p.m., Dr. Karanam sent telephonic orders for Plaintiff to use insulin with a sliding scale. *Id.* Follet received and confirmed these orders. *Id.* A sliding scale is used to determine the proper dose of insulin based on a glucose reading. *Id.* At approximately 4:00 p.m., Plaintiff had another high glucose reading; he asked for insulin again, but none was given. *Id.* The correctional officer instead gave Plaintiff a cup of water to flush out his system. *Id.* at 5. Plaintiff advised the officer that he immediately vomits water after consuming it. *Id.*

At 7:23 p.m., S. Sranandore (non-defendant) allowed Plaintiff to test his blood glucose. Plaintiff was stumbling at this point and having difficulty breathing. *Id.* The officer told Plaintiff that health services were understaffed but were on their way. *Id.* The officer called HSU but received no response. The officer called master control to locate medical staff and was told that a nurse was in the Delta Pod passing out medication. *Id.* The officer spoke to Dembinski and told her about Plaintiff's condition. *Id.* Dembinski told the officer to call the med tech Nadia (non-defendant). *Id.* Nadia later checked on the Plaintiff but informed him that she was not allowed to give insulin. *Id.* at 6. Plaintiff again explained that he would throw up water. *Id.* Nadia returned to HAS to call a doctor. *Id.* At 9:15 p.m., Dembinski announced that Plaintiff would be taken to the hospital. *Id.*

Plaintiff's blood glucose was at 882 at the hospital. *Id.* Plaintiff was treated for diabetic ketoacidosis, which is potentially deadly. Vital Core told lies to the EMTs and doctors about Plaintiff's medical treatment. *Id.* Doe defendants lied about Plaintiff refusing blood glucose checks. *Id.*

### 1.3 Analysis

The Court finds that Plaintiff may proceed against Dembinski, Follett, and Doe defendants on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Dembinski, Follett, and certain Does. Plaintiff alleges inadequate medical treatment for his diabetic condition. Plaintiff

alleges that these defendants were aware of his condition and unreasonably delayed his medical care. Plaintiff further alleges that Doe defendants lied about him refusing glucose checks and delayed his care. As such, the Court finds that Plaintiff may proceed against Dembinski, Follett, and Doe defendants for an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

Plaintiff may also proceed against Vital Core. To state a municipal liability claim under Section 1983, a plaintiff must allege that he suffered a constitutional injury and that the municipality authorized or maintained a custom of approving the unconstitutional conduct. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014). In a case against a private contractor that provides care to incarcerated people, the "critical question" for liability is "whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). Here, Plaintiff alleges that Vital Core had an unconstitutional practice of insufficiently staffing medical personnel in order to save money. At the pleading stage, the Court will allow Plaintiff to proceed against Vital Core on a *Monell* claim.

The Court does not find, however, that Plaintiff states a claim against the Doe defendants for the supervisory actions. Plaintiff alleges that medical staff were deliberately indifferent by failing to supervise and adequately staff medical personnel. Section 1983 does not allow actions against persons merely because of their supervisory roles. *T.E. v. Grindle,* 599 F.3d 583, 588 (7th Cir. 2010). Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson,* 538 F.3d 763, 778 (7th Cir. 2008).

As such, Plaintiff may not proceed against any Doe defendants for these claims.

**2.    CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Defendants Dembinski, Follett, and Doe defendants for their deliberate indifference to Plaintiff's serious medical needs.

**Claim Two:** *Monell* claim against Vital Core.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this Order upon Defendants **Dembinski, Follett, and Vital Core** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Dembinski, Follett, and Vital Core shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.